IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHYSICIANS FOR SOCIAL RESPONSIBILITY, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> SCOTT PRUITT, Administrator, U.S. Environmental Protection Agency, in his official capacity, <br><br> *Defendant*. | Case No. 1:17-cv-02742-TNM |

## MOTION TO COMPEL PRODUCTION OF THE ADMINISTRATIVE RECORD

Plaintiffs Physicians for Social Responsibility, National Hispanic Medical Association, International Society for Children's Health and the Environment, Joe Árvai, Edward Lawrence Avol, and Robyn Wilson ("Plaintiffs") respectfully move for an order directing Defendant Scott Pruitt, Administrator of the United States Environmental Protection Agency ("EPA" or "Agency"), to comply with LCvR 7(n)(1) and produce a certified list of the contents of the administrative record for the October 31, 2017 EPA directive entitled "Strengthening and Improving Membership on EPA Federal Advisory Committees" ("the Directive").

As required by LCvR 7(m), Plaintiffs have conferred with counsel for EPA prior to filing this motion. Counsel for EPA states that EPA opposes this motion.

On March 9, 2018, EPA filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) without filing a certified index of the contents of the administrative record or seeking relief from LCvR 7(n)(1). Dkt. # 15. In response, Plaintiffs filed their first Motion to Compel Production of the Administrative Record, pointing out that

1

LCvR 7(n)(1) plainly requires EPA to file a certified list of the contents of the administrative record "simultaneously" with the filing of a dispositive motion and asking the Court to order EPA to comply with LCvR 7(n)(1) by March 20, 2018.  Dkt. # 18.  EPA filed an Opposition to Plaintiffs' Motion.  Dkt. # 19.  On March 30, 2018, Plaintiffs filed an amended complaint, Dkt. # 20, and on April 2 the Court issued a minute order dismissing as moot both EPA's Motion to Dismiss and Plaintiffs' Motion to Compel.

On April 13, 2018, EPA filed a new Motion to Dismiss, Dkt. # 21, and again failed either to file a certified index of the contents of the administrative record or to seek relief from LCvR 7(n)(1).  As described in the accompanying Memorandum of Points and Authorities, EPA's repeated refusal to file a certified list of the contents of the administrative record simultaneously with its motion to dismiss violates this Court's rules, severely prejudices Plaintiffs, and frustrates the efficient management of this litigation.  Accordingly, Plaintiffs respectfully request that the Court order EPA to file a certified list of the contents of the administrative record for the Directive on or before April 18, 2018.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PHYSICIANS FOR SOCIAL RESPONSIBILITY, *et al.*, | )<br>)<br>)<br>) |
| *Plaintiffs*, | )<br>) |
| v. | ) Case No. 1:17-cv-02742-TNM<br>)<br>) |
| SCOTT PRUITT, Administrator, U.S. Environmental Protection Agency, in his official capacity, | )<br>)<br>)<br>) |
| *Defendant*. | )<br>)<br>) |

**<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF THE ADMINISTRATIVE RECORD</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ iii
BACKGROUND .................................................................................................................................. 1
ARGUMENT ........................................................................................................................................ 1
   I.   EPA MUST FILE A CERTIFIED LIST OF THE CONTENTS OF THE ADMINISTRATIVE RECORD. .............................................................................................. 1
      A.   Local Rule 7(n)(1) Requires EPA To Produce A Certified List Of The Contents Of The Administrative Record "Simultaneously" With Its Motion To Dismiss. ............... 1
      B.   EPA Did Not Make A Timely Request For Relief From The Requirement Of Local Rule 7(n)(1). ................................................................................................................ 4
      C.   Decisions Of This Court And The D.C. Circuit Require EPA To Produce A Certified List Of The Contents Of The Administrative Record Before A Motion To Dismiss Can Be Granted. .................................................................................................. 5
   II.   PLAINTIFFS ARE PREJUDICED BY EPA'S FAILURE TO PRODUCE THE ADMINISTRATIVE RECORD. ........................................................................................ 7
   III.   ORDERING EPA TO PRODUCE A CERTIFIED LIST OF THE CONTENTS OF THE ADMINISTRATIVE RECORD WILL PROMOTE THE EFFICIENT ADMINISTRATION OF JUSTICE. ............................................................................... 10
CONCLUSION ................................................................................................................................. 10

# TABLE OF AUTHORITIES

**CASES**                                                                                            **PAGE(S)**

\* *Am. Bioscience, Inc. v. Thompson*,
    243 F.3d 579 (D.C. Cir. 2001) ............................................................................. 5, 6, 7

*Citizens to Preserve Overton Park v. Volpe*,
    401 U.S. 402 (1971) .................................................................................................. 5

*Coalition for Underground Expansion v. Mineta*,
    333 F.3d 193 (D.C. Cir. 2003) .................................................................................. 9

*Gordon v. Nat'l Youth Work Alliance*,
    675 F.2d 356 (D.C. Cir. 1982) .................................................................................. 9

*Hollingsworth v. Perry*,
    558 U.S. 183 (2010) .................................................................................................. 2

*Jerome Stevens Pharms., Inc. v. FDA*,
    402 F.3d 1249 (D.C. Cir. 2005) ................................................................................ 9

*Marshall Cty. Health Care Auth. v. Shalala*,
    988 F.2d 1221 (D.C. Cir. 1993) ............................................................................ 3, 5

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*,
    463 U.S. 29 (1983) .................................................................................................... 6

*Nader v. McAuliffe*,
    593 F. Supp. 2d 95 (D.C. Cir. 2009) ......................................................................... 4

*Natural Resources Defense Council, Inc. v. Train*,
    519 F.2d 287 (D.C. Cir. 1975) .................................................................................. 5

*Swedish American Hospital v. Sebelius*,
    691 F. Supp. 2d 80 (D.D.C. 2010) ............................................................................ 5

*Vargus v. McHugh*,
    87 F. Supp. 3d 298 (D.D.C. 2015) ............................................................................ 6

**STATUTES**

5 U.S.C. § 706(2) ............................................................................................................ 5

5 U.S.C. § 706(2)(A) ....................................................................................................... 1

\* Authorities upon which we chiefly rely are marked with an asterisk.

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................. 7

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 7

Fed. R. Civ. P. 56(b) ................................................................................................................. 9

**LOCAL RULES**

\* LCvR 7(n)(1) ....................................................................................................................... 2, 3

Plaintiffs Physicians for Social Responsibility, National Hispanic Medical Association, International Society for Children's Health and the Environment, Joe Árvai, Edward Lawrence Avol, and Robyn Wilson ("Plaintiffs") respectfully submit this memorandum in support of their second Motion to Compel Production of the Administrative Record.

## BACKGROUND

On October 31, 2017, Defendant Scott Pruitt, Administrator of the United States Environmental Protection Agency ("EPA" or "Agency"), issued a directive titled "Strengthening and Improving Membership on EPA Federal Advisory Committees" ("the Directive") barring EPA grant recipients from service on any EPA federal advisory committee.  First Am. Compl. Ex. A., Dkt. # 20-2.  The Directive establishes a "requirement that no member of an EPA federal advisory committee be currently in receipt of EPA grants, either as principal investigator or co-investigator, or in a position that otherwise would reap substantial direct benefit from an EPA grant."  *Id.*

Plaintiffs challenge the Directive under the Administrative Procedure Act ("APA").  Their complaint includes four counts that the Directive is arbitrary, capricious, or not in accordance with law under 5 U.S.C. § 706(2)(A).  First Am. Compl., ¶ 134 (Count One); ¶ 141 (Count Two); ¶ 155 (Count Three); ¶ 160 (Count Four), Dkt. # 20.

## ARGUMENT

**I.   EPA MUST FILE A CERTIFIED LIST OF THE CONTENTS OF THE ADMINISTRATIVE RECORD.**

    **A. Local Rule 7(n)(1) Requires EPA To Produce A Certified List Of The Contents Of The Administrative Record "Simultaneously" With Its Motion To Dismiss.**

EPA's refusal to file a certified list of the contents of the administrative record simultaneously with its Motion to Dismiss is a flagrant violation of this Court's rules.  Local

Civil Rule 7(n)(1) provides, "In cases involving the judicial review of administrative agency actions . . . the agency <u>must</u> file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first." LCvR 7(n)(1) (emphasis added). The agency must do so "unless otherwise ordered by the Court." *Id.*  Because this is a case "involving the judicial review of [an] administrative agency action[]," EPA's Motion to Dismiss is a "dispositive motion," and the Court has not ordered otherwise, EPA was <u>required</u> to file a certified list of the contents of the administrative record "simultaneously" with its Motion to Dismiss. *Id.* Accordingly, the Court should direct EPA to comply with this rule immediately. *See Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (district court's local rules "have the force of law.").

In its Opposition to Plaintiffs' first Motion to Compel Production of the Administrative Record, Dkt. # 19, EPA argued that LCvR 7(n)(1) is "ambigu[ous]" as to whether it applies to all dispositive motions. Opposition, Dkt. # 19, at 3. In fact, there is no ambiguity. The Rule makes clear that it applies, simply and without exception, to "the filing of a dispositive motion," and there is no textual basis for implying exceptions to this requirement.

EPA also argued that the requirement to produce the administrative record is somehow overridden by LCvR 7(n)(1)'s further requirement that parties file an "appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of or in opposition to any dispositive motion." Opposition at 3. But the fact that the <u>appendix</u> need only contain those portions of the record cited or relied upon by the parties—in order not to burden the court with excessive documents—says nothing about whether EPA must identify the contents of the record in the first place. The same is true of the Standing

Order issued in this case, which requires a joint appendix in connection with motions for summary judgment, but does not address motions to dismiss, and would not abrogate the requirements of LCvR 7(n)(1) even if it did.  Standing Order ¶ 14(A)(ii), Dkt. # 9.

Indeed, EPA's failure to produce a certified list of the contents of the administrative record actually <u>frustrates</u> the requirements on which EPA seeks to rely—i.e., the requirement that the parties "provide the Court with an appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of or in opposition to any dispositive motion."  LCvR 7(n)(1); *accord* Standing Order ¶ 14(A)(ii) (same requirement for a motion for summary judgment).  Until EPA identifies the contents of the administrative record, all parties to this case are prevented from complying with this requirement.  Indeed, it is likely that some documents on which EPA relies in its Motion to Dismiss, *e.g.* Memo in Supp. of Motion to Dismiss, Dkt. # 21-1 at 1, 4, 6, 12, 29, 31 (relying on various policy documents and other agency actions), and some documents on which Plaintiffs will rely in their opposition, are part of the administrative record for the Directive.  If so, they are required to be provided to the Court in a joint appendix.  LCvR 7(n)(1); Standing Order ¶ 14(A)(ii).  But EPA's refusal to identify the contents of the administrative record will prevent compliance with this requirement. That, in turn, will prevent the Court from reviewing EPA's decision in light of the record as a whole, as it must.  *See infra* part I.C..

EPA further argued that LCvR 7(n)(1) "does not apply" where the dispositive motion raises "purely legal" issues and refrains from citing the record.  Dkt. # 19 at 2-3, 5.  Again, the Court's rule does not contain any such exception.  Further, EPA's argument proves too much.  In a record-review case like the present one—the only type of case to which Local Rule 7(n)(1) applies—"[t]he entire case on review is a question of law, and only a question of law."  *Marshall*

3

*Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993). EPA's proffered exception to LCvR 7(n)(1) for "purely legal" issues would therefore swallow the rule. Further, as explained below, the "purely legal" issues that EPA raises in its Motion to Dismiss are precisely those which must be decided on the basis of the administrative record.

EPA also argued unpersuasively that it would be incongruous to require production of the record simultaneously with a motion to dismiss while allowing an agency thirty days after filing an answer. Dkt. # 19 at 4. EPA's lawyers' preferred approach to judicial administration cannot override the plain requirements of the Court's rules. Further, EPA's argument overlooks that the filing of an answer does not by itself prompt an immediate decision on the merits. A motion to dismiss under 12(b)(6), by contrast, requests a "ruling on the merits with res judicata effect." *Nader v. McAuliffe*, 593 F. Supp. 2d 95, 98-9 (D.C. Cir. 2009). In an APA case, such a ruling on the merits necessarily implicates the administrative record, as explained below.

### B. EPA Did Not Make A Timely Request For Relief From The Requirement Of Local Rule 7(n)(1).

If EPA renews its alternative request for relief from the requirement to file a certified list of the contents of the administrative record simultaneously with its Motion to Dismiss, *see* Dkt. # 19 at 6, the Court should reject the request as untimely. Because EPA did not request, and the Court did not grant, relief from Local Rule 7(n)(1) before the deadline, Federal Rule of Civil Procedure 6(b) provides that EPA's request should be entertained only if EPA shows (1) "good cause" and (2) that it "failed to act because of excusable neglect." EPA has shown neither. Plaintiffs have repeatedly reminded EPA of its obligation under Local Rule 7(n)(1), and EPA has willfully refused to produce the administrative record or timely to seek relief from the rule.

### C. Decisions Of This Court And The D.C. Circuit Require EPA To Produce A Certified List Of The Contents Of The Administrative Record Before A Motion To Dismiss Can Be Granted.

Not only is production of the administrative record clearly required by this Court's rules, it is also necessary to decide EPA's Motion to Dismiss. The APA establishes the scope of judicial review for agency decisions and furnishes Plaintiffs' causes of action in this case. Section 706 provides that, in determining whether agency action, findings, and conclusions are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," "the court shall review the whole record or those parts of it cited by a party." 5 U.S.C. § 706(2). This review under the Administrative Procedure Act "must 'be based on the full administrative record that was before the [agency] at the time [it] made its decision.'" *Am. Bioscience, Inc. v. Thompson*, 243 F.3d 579, 582 (D.C. Cir. 2001) (quoting *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971)).

Further, in an APA record-review case, "the sufficiency of the complaint is the question on the merits, and there is no real distinction in this context between the question presented on a 12(b)(6) motion and a motion for summary judgment." *Marshall Cty. Health Care Auth.*, 988 F.2d at 1226. Accordingly, the precedent of both this Court and the D.C. Circuit establishes that the Court may not grant EPA's Motion to Dismiss without first ordering EPA to produce the administrative record. *See Am. Bioscience*, 243 F.3d at 582 ("the [district] court, before assessing [plaintiff's] probability of success on the merits, should have required the [agency] to file the administrative record."); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971) (requiring production of administrative record for preliminary injunction motion); *Natural Resources Defense Council, Inc. v. Train*, 519 F.2d 287 (D.C. Cir. 1975) (requiring administrative record for motion to dismiss); *Swedish American Hospital v. Sebelius*, 691 F. Supp. 2d 80 (D.D.C. 2010) (granting motion to compel production of administrative

5

record when defendant filed a motion to dismiss); *Vargus v. McHugh*, 87 F. Supp. 3d 298 (D.D.C. 2015) (granting motion to compel production of administrative record after defendant filed a motion to dismiss).

As in the above-cited cases, here the Court cannot grant EPA's Motion to Dismiss without the administrative record because the Motion to Dismiss asks the Court to decide questions of law that depend on the contents of the administrative record. Even though some of Plaintiffs' claims contend that EPA's action is contrary to controlling statutes and regulations on its face—resolution of which does not depend on the administrative record—Plaintiffs' Complaint also includes allegations that EPA's adoption of the Directive was arbitrary and capricious, such as the claim that EPA failed to acknowledge and explain its departure from past practice, First Am. Compl. ¶¶ 133, 149, Dkt. # 20, and that EPA offered no rational justification for treating EPA grants as disqualifying while financial support or even employment by regulated industries is not, *id.* ¶ 152. To grant the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court would have to reject these record-based claims, and doing so would be inappropriate without the administrative record. Further, even as to claims for which Plaintiffs' do not need to make recourse to the record, it would be inappropriate to grant EPA's Motion to Dismiss without reviewing the record to determine whether the legal rationales advanced by counsel for EPA were in fact relied on by the agency decisionmakers. *See Am. Bioscience*, 243 F.3d at 582; *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) ("an agency's action must be upheld, if at all, on the basis articulated by the agency itself," not on the basis of "post hoc rationalizations").

Indeed, the same is true of arguments that EPA advances under Rule 12(b)(1). EPA's arguments that Plaintiffs' claims are unripe rest on the contention that Plaintiffs' challenge to the

Directive is really a challenge to individual personnel decisions or the ultimate composition of the committees, both of which are allegedly "contingent on … future events." Memo in Supp. Of Motion to Dismiss at 22-24, Dkt. # 21-1. EPA's ripeness argument is thus intertwined with its arguments that the Directive itself is merely a set of "principles" guiding the agency's exercise of unreviewable discretion, rather than a new requirement. *Id.* at 8-9. EPA's lawyers' representations about the nature and intent of the Directive, however, must be evaluated in light of the administrative record. *See Am. Bioscience*, 243 F.3d at 582 ("For all we know, the attorneys [are] merely speculating.").

## II. PLAINTIFFS ARE PREJUDICED BY EPA'S FAILURE TO PRODUCE THE ADMINISTRATIVE RECORD.

Moreover, Plaintiffs are without question prejudiced by EPA's failure to produce the record. To adequately respond to EPA's April 13, 2018 Fed. R. Civ. P. 12(b)(1) and 12(b)(6) Motion to Dismiss, Plaintiffs need to know what the record contains so that they can review it. EPA's failure to produce the record prejudices Plaintiffs by preventing them from using the contents of the record in crafting their opposition. Notwithstanding EPA's determination to omit record citations from its Motion to Dismiss, the Motion necessarily concerns facts and documents in the administrative record that Plaintiffs cannot assess without being able to review the administrative record.

For example, EPA challenges the ripeness of the suit as applied to some, though not all, Plaintiffs, arguing that the Directive leaves substantial discretion for the Administrator. Memo in Supp. Of Motion to Dismiss at 22-24, Dkt. # 21-1. The ripeness challenge is misplaced, as the Directive has already been directly applied to at least one Plaintiff, and to a number of other scientists. First Am. Compl. ¶¶ 12, 57-64, Dkt. #20. Nonetheless, the administrative record may

7

include additional information bearing on EPA's rationale for issuing the Directive and its intent to implement it.

EPA also challenges some Plaintiffs' standing on the ground that Plaintiffs' or their members' allegations that they are unable to either serve on EPA science advisory committees because they are in receipt of EPA grants or else apply for EPA grants because they would prefer to serve on these committees fail to adequately allege injury because they have not yet been denied a place on an advisory committee or removed from one.  Memo in Supp. of Motion to Dismiss at 19-20, Dkt. # 21-1.  As Plaintiffs will explain in opposition to EPA's Motion, this argument mischaracterizes the Complaint and fails as a matter of law.  Nevertheless, the administrative record may include information revealing EPA's rationale for issuing the Directive and its intent to implement it, which would be relevant to an argument that it would be futile—and even harmful—to require individuals to apply for grants or committee positions when the Directive makes them ineligible.  *See* First Am. Compl., Dkt. # 20, ¶ 118.

Substantively, Defendants argue that Counts I and II of the Complaint should be dismissed because the Directive is not related to preventing conflicts-of-interest or the appearance of a lack of impartiality and therefore subject to ethics laws and regulations, but instead pertains solely to the EPA Administrator's appointment authority under the Federal Advisory Committee Act.  Memo in Supp. of Motion to Dismiss at 25-32, Dkt. # 21-1.  The administrative record would reveal how EPA characterized and viewed the Directive and its impact on the Agency's past policies and practices.  Such information would be useful to understanding the basis of EPA's argument, and to contesting its validity.  Plaintiffs have good reason to believe the Administrator understood the Directive to be a way of resolving perceived conflicts of interest or bias issues governed by the Ethics in Government Act and its

implementing regulations, and intended it to do so.  *E.g.*, First Am. Compl. ¶¶ 46-54, Dkt. # 20.  Further, as described above, Plaintiffs' First Amended Complaint includes record-based claims, so Plaintiffs should not be compelled to defend against the Motion to Dismiss without opportunity to review the administrative record.

In deciding a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), "'where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'"  *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction") (citation omitted).  Plaintiffs should be given full access to the administrative record so that they can present all the material pertinent to the Motion.  Indeed, D.C. Circuit precedent requires the district court to give plaintiffs a fair opportunity to present relevant material when materials outside the pleadings are considered.  *Gordon v. Nat'l Youth Work Alliance*, 675 F.2d 356, 361 (D.C. Cir. 1982) (reversing a district court's decision to dismiss a case based on additional documents introduced with a 12(b)(1) motion.).  Accordingly, EPA should be required to produce the administrative record to afford Plaintiffs a full and fair opportunity to contest the Fed. R. Civ. P. 12(b)(1) arguments.

Finally, Plaintiffs are prejudiced because they are prevented from utilizing the contents of the administrative record in preparing a motion for summary judgment.  Plaintiffs are authorized by Federal Rule of Civil Procedure 56(b) to file for summary judgment "at any time until 30 days after the close of all discovery."  *See* Fed. R. Civ. P. 56(b).

9

### III. ORDERING EPA TO PRODUCE A CERTIFIED LIST OF THE CONTENTS OF THE ADMINISTRATIVE RECORD WILL PROMOTE THE EFFICIENT ADMINISTRATION OF JUSTICE.

Ordering EPA to promptly file a certified index of the administrative record will facilitate the efficient administration of this case. In contrast, moving forward with consideration of EPA's Motion to Dismiss without the administrative record, in addition to being contrary to law, could result in duplicative briefing and piecemeal adjudication. Because EPA's Motion to Dismiss asks the court for a ruling on the merits, *supra* at 5, the Court could be called upon to decide the same legal questions twice, first without the administrative record and then with it. Further, even if the Court discerns issues in EPA's Motion to Dismiss that do not require consideration of the administrative record, a decision that only partially resolves the Motion to Dismiss could result in piecemeal appeals. The more efficient course is to decide all questions of law presented by EPA's Motion to Dismiss, including the lawfulness of the Directive, together and only once, following production of the administrative record, in accordance with LCvR 7(n)(1).

### CONCLUSION

EPA was obligated to produce the certified list of the contents of the complete administrative record upon filing the Motion to Dismiss. EPA's refusal to do so violates this Court's rules, prejudices Plaintiffs, and frustrates the efficient management of this litigation. Plaintiffs thus ask this Court to enforce LCvR 7(n)(1) and the law of this Circuit and order EPA to file a certified list of the contents of the complete administrative record with the Court on or before April 18, 2018.

Dated: April 16, 2018

Respectfully submitted,

| | |
|---|---|
| /s/ Susan Kraham (w/permission) | /s/ Neil Gormley |
| Susan Kraham (D.C. Bar No. NY0170) | Neil Gormley (D.C. Bar No. 1008462) |
| Michael Burger | Tosh Sagar (D.D.C. Bar No. D00497; CA Bar No. 286822) |
| Columbia Environmental Law Clinic | Earthjustice |
| Morningside Heights Legal Services | 1625 Massachusetts Avenue, N.W. |
| 435 W. 116th St. | Suite 702 |
| New York, NY 10027 | Washington, D.C. 20036 |
| 212-854-4500 | 202-667-4500 |
| skraha@law.columbia.edu | ngormley@earthustice.org |
| mburger@law.columbia.org | tsagar@earthjustice.org |

*Attorneys for Joe Árvai and Robyn Wilson*

Patti Goldman (D.C. Bar No. 398565)
Earthjustice
705 Second Avenue
Suite 203
Seattle, WA 98104
206-343-7340
pgoldman@earthjustice.org

*Attorneys for Physicians for Social Responsibility, National Hispanic Medical Association, International Society for Children's Health and the Environment, and Edward Lawrence Avol*