**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PHYSICIANS FOR SOCIAL RESPONSIBILITY, *et al.*, | )<br>)<br>) |
| *Plaintiffs*, | )<br>)<br>) |
| v. | ) Case No. 1:17-cv-02742-TNM<br>) |
| ANDREW WHEELER, Administrator, U.S. Environmental Protection Agency, in his official capacity, | )<br>)<br>)<br>)<br>) |
| *Defendant*. | )<br>) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND CROSS-MOTION FOR ENTRY OF JUDGMENT**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................1

ARGUMENT ...................................................................................................................................3

I. BECAUSE THE MERITS OF THIS CASE HAVE ALREADY BEEN RESOLVED IN PLAINTIFFS' FAVOR, THE COURT SHOULD ENTER JUDGMENT FOR PLAINTIFFS. ........................................................................................3

II. THIS CASE IS NOT MOOT. .............................................................................................5

    A. This Case is Not Moot Because Entry of Judgment for Plaintiffs Will Make The D.C. Circuit's Decision Binding on EPA. ..............................................5

    B. This Case Falls Within the Voluntary Cessation Exception to Mootness. ..............6

CONCLUSION ................................................................................................................................9

# TABLE OF AUTHORITIES

**CASES**                                                                                                                                                               **PAGE(S)**

*Already v. Nike*,
  568 U.S. 85 (2013) ........................................................................................................... 6

*City of Cleveland v. Fed. Power Comm'n*,
  561 F.2d 344 (D.C. Cir. 1977) ........................................................................................ 4

*Committee in Solidarity With People of El Salvador (CISPES) v. Sessions*,
  929 F.2d 742 (D.C. Cir. 1991) ........................................................................................ 8

*Del Monte Fresh Produce Company v. United States*,
  570 F.3d 316 (D.C. Cir. 2009) ........................................................................................ 5

*FCC v. Fox Television Stations*,
  567 U.S. 239 (2012) ....................................................................................................... 8

*Friends of Animals v. Bernhardt*,
  961 F.3d 1197 (D.C. Cir. 2020) ...................................................................................... 7

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
  528 U.S. 167 (2000) ............................................................................................... 6, 7, 8

*Heitmuller v. Stokes*,
  256 U.S. 359 (1921) ....................................................................................................... 4

*Kingdomware Technologies, Inc. v. United States*,
  136 S. Ct. 1969 (2016) ................................................................................................... 4

*Labor Youth League v. Subversive Activities Control Bd.*,
  322 F.2d 364 (D.C. Cir. 1963) ........................................................................................ 5

*Mahoney v. Babbitt*,
  113 F.3d 219 (D.C. Cir. 1997) .................................................................................... 7, 9

*Motor & Equip. Mfrs. Ass'n v. Nichols*,
  142 F.3d 449 (D.C. Cir. 1998) ........................................................................................ 5

*Natural Resources Defense Council, Inc. v. U.S. EPA*,
  No. 19-cv-5174, 2020 WL 2769491 (S.D.N.Y. Apr. 15, 2020) ..................................... 3

*NLRB v. Raytheon Co.*,
  398 U.S. 25 (1970) ..................................................................................................... 7, 8

*Physicians for Social Responsibility v. Wheeler*,
  956 F.3d 634 (D.C. Cir. 2020) .................................................................................... 2, 6

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*,
    513 U.S. 18 (1994) ............................................................................................... 3, 4, 5

*U.S. v. Philip Morris USA*,
    566 F.3d (D.C. Cir. 2009) ..................................................................................... 5, 6, 8

*Walling v. James V. Reuter, Co., Inc.*,
    321 U.S. 671 (1944) ................................................................................................ 3, 4


**STATUTES**

28 U.S.C. § 2202 .................................................................................................................. 6


**COURT RULES**

Fed. R. Civ. Pro. 54(b) ..................................................................................................... 1, 3


**FEDERAL REGISTER NOTICES**

85 Fed. Reg. 36,580 (June 17, 2020) ................................................................................... 9


**TREATISES**

18B Fed. Prac. & Proc. Juris. § 4478.3 (2d ed.) .................................................................. 4

# INTRODUCTION

Plaintiffs submit this opposition to EPA's motion to dismiss this case on grounds of mootness and cross-move for entry of final judgment. The U.S. Court of Appeals for the District of Columbia Circuit has resolved the merits of this case in Plaintiffs' favor on two counts, and nothing more remains for this Court to do but dispose of the case by entering judgment. Contrary to EPA's argument, there is no need to inquire into mootness at this late stage of the litigation. Although Article III bars courts from deciding the merits of a moot case, courts otherwise have jurisdiction to dispose of pending cases as justice requires. Because the merits of this case have already been fully adjudicated, and Plaintiffs have prevailed on two counts, the just and proper course is to enter judgment for Plaintiffs. *See* Fed. R. Civ. Pro. 54(b).

If the Court were to inquire into mootness, it must conclude that EPA has not carried its heavy burden to show mootness. EPA's reliance on the S.D.N.Y. decision vacating the Directive cannot moot this case, as Plaintiffs would still benefit from declaratory relief from this Court. And far from demonstrating that the unlawful conduct challenged here could not recur, EPA acknowledges that it may readopt the Directive or a substantially similar policy. Although EPA claims that it will comply voluntarily with the decision of the D.C. Circuit in issuing any such directive, a defendant's mere say-so is insufficient to render a claim for declaratory relief moot. Indeed, if such a statement were sufficient, defendants could always avoid the entry of a judgment furnishing final, binding declaratory relief by the mere expedient of promising to comply voluntarily with a court's decision. There is no basis to support this absurd outcome.

# BACKGROUND

This case challenges an EPA directive (the "Directive") that disqualified recipients of EPA research grants from serving on scientific advisory committees that provide peer review of the science underlying EPA regulations and decisions. This Court granted EPA's motion to

dismiss all counts. Dkt. # 43, 44. On appeal, the D.C. Circuit reversed. *Physicians for Social Responsibility v. Wheeler*, 956 F.3d 634 (D.C. Cir. 2020). The D.C. Circuit held that the Directive is reviewable and then resolved the merits of two claims in Plaintiffs' favor, holding that (1) the Directive is arbitrary and capricious, and (2) EPA issued the Directive in violation of procedural requirements established by the Office of Government Ethics. *Id.* at 643, 648-49. The D.C. Circuit's resolution of these claims was based on its review of the administrative record filed by EPA and purely legal. The parties agree that there is no need for this Court to conduct any fact-finding on remand. Joint Status Report at 6, Dkt. # 49. Thus, the D.C. Circuit's resolution of the legal merits of Plaintiffs' claims necessarily resolves the merits of this case.

EPA claimed in a June press release that it will modify its behavior to conform to the D.C. Circuit's opinion. According to EPA, the D.C. Circuit's opinion instructs that any future prohibition on "the participation of EPA grant recipients as special government employees in EPA advisory committees should be promulgated as a supplemental ethics regulation with the concurrence of the Office of Government Ethics." EPA Press Office, "EPA Will Not Appeal Adverse SDNY Decision Regarding October 31, 2017 Federal Advisory Committee Directive" (June 24, 2020) (attached to Joint Status Report, Dkt. # 49, as Exhibit A). EPA further claimed that, "[b]ecause EPA has not promulgated such a regulation, the Agency will continue to follow the relevant policies [regarding the participation of agency grantees on scientific advisory committees] as they existed before issuance of the 2017 Directive." *Id.* But EPA's press release also states that court decisions do not "prevent future actions by EPA to regulate the composition of its advisory committees, including policies or regulations governing the participation of committee members who receive grants from EPA." *Id.* Similarly, EPA states in its Motion to Dismiss that "it will not apply Section 1 of the Directive in the absence of further administrative

action," but does not claim or suggest that it will refrain from taking such action. EPA Mem. in Support of Motion at 9, Dkt. # 50-1.

The U.S. District Court for the Southern District of New York has entered an order vacating the Directive, but the S.D.N.Y. decision addresses distinct issues from those decided by the D.C. Circuit, and therefore does not furnish the declaratory relief that Plaintiffs seek. *See Natural Resources Defense Council, Inc. v. U.S. EPA*, No. 19-cv-5174, 2020 WL 2769491 (S.D.N.Y. Apr. 15, 2020).

## ARGUMENT

I. **BECAUSE THE MERITS OF THIS CASE HAVE ALREADY BEEN RESOLVED IN PLAINTIFFS' FAVOR, THE COURT SHOULD ENTER JUDGMENT FOR PLAINTIFFS.**

This Court possesses full authority to enter judgment for Plaintiffs, regardless of EPA's assertion of mootness. It is well-established that, although Article III prevents courts from deciding the merits of a moot case, courts retain power to "make such disposition of the whole case as justice may require." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21-22 (1994) (quoting *Walling v. James V. Reuter, Co., Inc.*, 321 U.S. 671, 677 (1944)). So long as the Court does not opine on the merits, it may "enter orders necessary and appropriate to the final disposition of a suit that is before [it]." *Id.* at 22.

Here, the D.C. Circuit has already resolved the merits of this case, ruling in Plaintiffs' favor on two counts. Moreover, no fact questions remain to be adjudicated because, as EPA says, "the entire case on review is a question of law." Joint Status Report at 6 (quoting *Rempfer v. Sharfstein*, 583 F.3d 860, 865 (D.C. Cir. 2009)). Thus the D.C. Circuit's resolution of the claims leaves nothing further for this Court to do on the merits of the case, and entry of judgment for Plaintiffs is proper, regardless of EPA's assertion of mootness. *See* Fed. R. Civ. Pro. 54(b); *U.S. Bancorp*, 513 U.S. at 21-22; *Walling*, 321 U.S. at 676.

Indeed, the conclusion that this Court has jurisdiction to enter judgment is compelled by the law of the case doctrine. "[T]he duty of a lower court to follow what has been decided by a higher court at an earlier stage of the case, applies to everything decided, either expressly <u>or by necessary implication</u>." *City of Cleveland v. Fed. Power Comm'n*, 561 F.2d 344, 348 (D.C. Cir. 1977) (emphasis added). Because the D.C. Circuit issued its mandate after the S.D.N.Y. decision on which EPA now in part relies, and after the time to appeal had run, a "necessary implication" of the mandate is that the S.D.N.Y. decision does not deprive this Court of jurisdiction.[1]

EPA cites *Kingdomware Technologies, Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016), for the proposition that "moot cases must be dismissed" (EPA Mem. at 4-5), but no such statement appears in that case. Instead, *Kingdomware* simply holds, consistent with *U.S. Bancorp* and *Walling,* that because Article III courts may "decid[e]" only cases and controversies, mootness would be an obstacle to "reach[ing] the merits." *Kingdomware Techs.*, 136 S. Ct. at 1975. *Kingdomware* does not hold, or even suggest, that courts should refrain from entering judgment for plaintiffs, like Plaintiffs here, who have already prevailed on the merits.

What's more, even if this case were now moot "[it would not] follow" that Plaintiffs should "be deprived of the benefit of [their] judgment in the District Court." *Walling*, 321 U.S. at 676. Courts should "dispose[] of moot cases in the manner 'most consonant to justice' in view of the nature and character of the conditions which have caused the case to become moot." *U.S. Bancorp*, 513 U.S. at 24 (quoting *United States v. Hamburg-Amerikanische Packetfahrt-Actien Gesellschaft*, 239 U.S. 466, 477-478 (1916)); *accord Heitmuller v. Stokes*, 256 U.S. 359, 362

---

[1] EPA could have made its mootness argument to the D.C. Circuit before issuance of the mandate or moved to recall the mandate, but did neither. *See* 18B Fed. Prac. & Proc. Juris. § 4478.3 (2d ed.) ("If an attack is directed to the court of appeals decision, after the time for rehearing has expired the proper procedure is a motion to recall the appellate mandate"). The Agency cannot now bring a belated collateral attack on the D.C. Circuit's decision in this Court.

(1921). *See also Labor Youth League v. Subversive Activities Control Bd.*, 322 F.2d 364, 374 (D.C. Cir. 1963) ("there are the cases in which, mootness having been shown, the Court took other action, such as directing that injunction orders remain in effect.").

Here, entry of judgment for Plaintiffs is the course that is "most consonant to justice." *U.S. Bancorp*, 513 U.S. at 24; *Heitmuller*, 256 U.S. at 362. Plaintiffs expended significant time and resources in their challenge to the Directive, and prevailed on two counts in the D.C. Circuit. EPA provides no reason why the interests of justice counsel dismissal at this stage, which would deprive the prevailing Plaintiffs of a final judgment.

## II.     THIS CASE IS NOT MOOT.

Should the Court decide to address whether this case is moot, it must rule that EPA has not carried its heavy burden to establish mootness.[2] First, EPA has not demonstrated that it is "impossible for the court to grant any effectual relief whatever" to Plaintiffs. *U.S. v. Philip Morris USA*, 566 F.3d, 1095, 1135 (D.C. Cir. 2009). Second, even if EPA had carried that initial burden, this case would fall within the voluntary cessation exception to mootness. EPA therefore must demonstrate that its wrongful conduct could not recur, and the agency has not done so.

### A.     This Case is Not Moot Because Entry of Judgment for Plaintiffs Will Make The D.C. Circuit's Decision Binding on EPA.

As the party asserting mootness, EPA bears the initial "heavy burden" of establishing that it is "impossible for the court to grant any effectual relief whatever" to Plaintiffs. *Motor & Equip. Mfrs. Ass'n v. Nichols*, 142 F.3d 449, 459 (D.C. Cir. 1998); *Philip Morris USA*, 566 F.3d at 1135. EPA asserts that further proceedings in this case "would accomplish nothing" because

---

[2] The parties agree that EPA's argument that intervening events deprive this court of jurisdiction sounds in mootness, not standing. Unlike mootness, "standing is assessed as of the time a suit commences." *Del Monte Fresh Produce Company v. United States*, 570 F.3d 316, 324 (D.C. Cir. 2009).

the Directive has been vacated by the S.D.N.Y. EPA Mem. at 6. But Plaintiffs seek entry of a final judgment to ensure that EPA is bound by the D.C. Circuit's opinion, not vacatur. While the D.C. Circuit comprehensively adjudicated the legality of the Directive, it remanded to this Court for further proceedings consistent with the opinion. *Physicians*, 956 F.3d at 650. This Court can now provide Plaintiffs declaratory relief by entering judgment, which Plaintiffs could then enforce against EPA if the agency runs afoul of the D.C. Circuit's ruling. *See* 28 U.S.C. § 2202. Such a final judgment would be valuable because, as further explained below, EPA acknowledges that it may readopt the Directive or a substantially similar policy. Thus EPA has not carried its heavy burden to show that it is "impossible for the court to grant any effectual relief whatever" to Plaintiffs. *Philip Morris USA*, 566 F.3d at 1135.

      B.    <u>This Case Falls Within the Voluntary Cessation Exception to Mootness.</u>

EPA agrees that the voluntary cessation of allegedly unlawful conduct moots a case only where "there is no reasonable expectation that the alleged violation will recur" and "events have completely and irrevocably eradicated the effects of the alleged violation." EPA Mem. at 8 (quoting *Larsen v. U.S. Navy*, 525 F.3d 1, 4 (D.C. Cir. 2008)). This standard is "stringent" and, as EPA admits, the burden lies with the agency. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000); EPA Mem. at 9 (citing *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953)). EPA has not carried that burden.

EPA attempts to avoid this standard on the ground that its actions here were not voluntary, but "the question the voluntary cessation doctrine poses is" whether the wrongful conduct can recur, and EPA "cannot avoid its formidable burden by assuming the answer to that question." *Already v. Nike*, 568 U.S. 85, 92 (2013) (internal quotations omitted). In any event, EPA concedes that it "elected" not to appeal the S.D.N.Y. judgment or seek certiorari from the D.C. Circuit's decision. EPA Mem. at 3. Thus "[t]his controversy did not become moot due to

6

circumstances unattributable to any of the parties. The controversy ended when the losing party . . . declined to pursue its appeal." *Mahoney v. Babbitt*, 113 F.3d 219, 222 (D.C. Cir. 1997) (quoting *Karcher*, 484 U.S. at 83). EPA's press release, in which the agency claims it will conform its future conduct to part of the D.C. Circuit's opinion is, on its face, entirely voluntary.

EPA also argues that it took the actions at issue in response to adverse decisions by the S.D.N.Y. and the D.C. Circuit, EPA Mem. at 8 (EPA's decisions were "informed by" the D.C. Circuit's opinion), but EPA "elected" not to appeal these decisions, *id.* at 3, and "compliance with an order [] does not render the cause moot." *NLRB v. Raytheon Co.*, 398 U.S. 25, 27 (1970).

Furthermore, EPA's reliance on *Friends of Animals v. Bernhardt*, EPA Mem. at 5, is misplaced. That case did not hold, as EPA suggests, that action taken in response to a court decision is never voluntary. Instead, the court examined the specific issue as to which plaintiffs sought declaratory relief and determined that plaintiffs had already received the very relief they sought through a prior, final decision in another case. 961 F.3d 1197, 1204 (D.C. Cir. 2020) ("There can be no 'reasonable expectation' that the same procedural error will recur in the face of our decision forbidding the government from employing countrywide findings as it did in *Safari Club II* without notice and comment."). Here, by contrast, without a final, enforceable judgment, Plaintiffs have only EPA's voluntary say-so that it will not repeat the legal errors that the D.C. Circuit identified. EPA's claim that its future conduct will be "informed by" the D.C. Circuit's decision, EPA Mem. at 8, is no substitute for a final judgment that requires EPA to follow the law.

Facing a heavy burden to demonstrate that "events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur," *Friends of the Earth*, 528 U.S. at 170, EPA says, essentially, "trust us." The agency does not even claim that it will not

7

renew its attempt to bar agency grantees from its science committees. In fact, EPA concedes that it "could pursue future committee appointment policies relating to the receipt of EPA grants," claiming only "that it will not apply Section 1 of the Directive <u>in the absence of further administrative action.</u>" EPA Mem. at 8-9 (emphasis added). EPA's refusal to assure Plaintiffs and the Court that it will not readopt the challenged policy speaks volumes, and confirms that EPA has not carried its "heavy burden." Nor is EPA's mere promise of voluntary compliance with the D.C. Circuit's decision an "event" that demonstrates that the wrongful conduct "could not" recur. *Friends of the Earth*, 528 U.S. at 189. "The likelihood of future wrongful acts is frequently established by inferences drawn from past conduct." *Philip Morris USA Inc.*, 566 F.3d at 1132. In light of EPA's past wrongful conduct, "[n]othing in the record . . . here . . . gives any assurance that [EPA's wrongful conduct] will not be repeated in the future." *See NLRB v. Raytheon Co.*, 398 U.S. at 28. *See also FCC v. Fox Television Stations*, 567 U.S. 239, 255 (2012) ("Government's assurance . . . is insufficient").

EPA asserts (Mem. at 9) that it has been the D.C. Circuit's "settled practice" to accept an agency's representations in determining whether a case presents a live controversy, citing *Committee in Solidarity With People of El Salvador (CISPES) v. Sessions*, 929 F.2d 742, 745 (D.C. Cir. 1991). But *CISPES* does not suggest that the government's self-serving representations are sufficient, or that they must be credited. To the contrary, there the district court "assess[ed] the probability" that the government would honor the agreement at issue. The Court of Appeals held only that the court permissibly did so on the basis of representations to the court and to Congress, and was not required to convene an adversarial fact-finding proceeding. *CISPES*, 929 F.2d at 744-45. Here, in contrast to *CISPES*, EPA acknowledges that it might

8

readopt a directive like the one challenged in this case, and its argument for mootness boils down to a promise to refrain voluntarily from repeating its legal violations.

At the end of the day, EPA's claim that a defendant's decision not to appeal an adverse decision and announcement that it will comply with it moots <u>the very case in which the decision was issued</u> stretches the doctrine of mootness far beyond its breaking point. Indeed, if such a statement were sufficient to moot a case, defendants could avoid binding judgments by simply announcing an intent to comply voluntarily before judgment is entered, thereby avoiding entry of judgment, short-circuiting the judicial process, and frustrating the interest in finality. *Cf. Mahoney*, 113 F.3d at 223 ("If government could by the expedient, of merely not challenging an adverse decision, cause its vacatur, the judicial system could seldom establish precedent"). This result would be absurd, and the law does not support it.

EPA likewise cannot carry its burden to show that the effects of the Directive have been "completely . . . eradicated." EPA Mem. at 8 (quoting *Larsen*, 525 F.3d at 4). The Directive has been in effect for almost three years, and the membership of EPA's science committees has been drastically altered. Further, while EPA claims that it is now accepting nominations of EPA grant recipients for some of its committees, it has refused to reopen the nomination process for its Scientific Advisory Panel on Pesticides that ended on July 2, 2020, even though that nomination process commenced before EPA stated it would cease applying the Directive. 85 Fed. Reg. 36,580 (June 17, 2020); Dkt. # 49, Ex. A (press release of June 24, 2020). EPA does not and cannot show that the effects of the Directive have been eradicated. This case therefore is not moot, and entry of judgment is proper.

## CONCLUSION

For the foregoing reasons, the Court should deny EPA's motion to dismiss and enter judgment for the Plaintiffs.

9

Dated: September 8, 2020

Respectfully submitted,

<table>
<tr>
<td>

/s/ Michael Burger (w/permission)
Michael Burger
Columbia Environmental Law Clinic
Morningside Heights Legal Services
435 W. 116th St.
New York, NY 10027
212-854-4500
mburger@law.columbia.org

*Attorney for Joe Árvai and Robyn Wilson*

</td>
<td>

/s/ Neil Gormley
Neil Gormley (D.C. Bar No. 1008462)
Tosh Sagar (D.C. Bar No. 1562693)
Earthjustice
1001 G Street, NW
Suite 1000
Washington, D.C. 20001
202-667-4500
ngormley@earthustice.org
tsagar@earthjustice.org

Patti Goldman (D.C. Bar No. 398565)
Earthjustice
705 Second Avenue
Suite 203
Seattle, WA 98104
206-343-7340
pgoldman@earthjustice.org

*Attorneys for Physicians for Social Responsibility, National Hispanic Medical Association, International Society for Children's Health and the Environment, and Edward Lawrence Avol*

</td>
</tr>
</table>