## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**PHYSICIANS FOR SOCIAL
RESPONSIBILITY, *et al.*,**

Plaintiffs,

v.

**ANDREW WHEELER, Administrator,
U.S. Environmental Protection Agency, in
his official capacity,**

Defendant.

Case No. 17-cv-02742 (TNM)

## <u>MEMORANDUM ORDER</u>

This case concerns a challenge to a directive issued by the Environmental Protection

Agency that altered the requirements for who could serve on certain agency advisory committees

("Directive").  Plaintiffs are three organizations and three scientists who alleged that the

Directive violated the Administrative Procedure Act ("APA").  *See* Am. Compl., ECF No. 20.

This Court granted the EPA Administrator's Motion to Dismiss, but the Court of Appeals

reversed the dismissal and then ruled for Plaintiffs on the merits.  *See Physicians for Soc.*

*Responsibility v. Wheeler*, 956 F.3d 634, 643–44 (D.C. Cir. 2020).  The D.C. Circuit

"remand[ed] for further proceedings consistent with [its] opinion," *id.* at 650, and Plaintiffs now

move for entry of judgment in their favor, *see* Pls.' Opp'n to Def.'s Mot. to Dismiss and Cross-

Mot. for Entry of Judgment, ECF No. 51.

The Administrator urges the Court to again dismiss the case—this time for mootness.

*See* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 50.  Since the matter was last before this

Court, another court vacated the offending portion of the Directive in a separate lawsuit and

directed the EPA to return to the pre-Directive standards for approving membership on its

advisory committees.  *See Nat. Res. Def. Council, Inc. v. EPA*, No. 19CV5174 (DLC), 2020 WL 2769491, at *1 (S.D.N.Y. Apr. 15, 2020).  The Administrator elected not to appeal, and he chose not to seek certiorari on the D.C. Circuit's decision either.  Def.'s Mot. at 7.[1]  The agency also issued a public statement announcing that it would adhere to the pre-Directive standards unless it issues a new regulation that does not suffer from the procedural deficiencies identified in the judicial decisions.  *See* Joint Status Report Ex. A at 2, ECF No. 49-1.  And the EPA has since walked the walk:  It reopened solicitations for membership on its advisory committees without the vacated requirements.  *See, e.g.*, 85 Fed. Reg. 50,021 (Aug. 17, 2020) ("As a result of the [S.D.N.Y.] vacatur, Section 1 is no longer in effect and EPA is following the relevant policies as they existed before the 2017 Directive.").

Based on these developments, the Administrator claims that this case is moot given that Plaintiffs have otherwise secured the relief they had sought—vacatur of the Directive—so they now lack any legally cognizable interest in the case's disposition.  *See* Def.'s Mot. at 4–6.  And he argues that mootness divests this Court of jurisdiction to enter judgment for Plaintiffs because federal courts lack jurisdiction to rule on moot cases.  *See Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992).  In particular, the Administrator cites *Friends of Animals v. Bernhardt*, 961 F.3d 1197 (D.C. Cir. 2020), which noted that "the government's abandonment of a challenged regulation is just the sort of development that can moot an issue."  *Id.* at 1203.

To be sure, mootness would matter—if the Court were assessing the merits of the case.  It is not.  The Court of Appeals already definitively decided the merits in Plaintiffs' favor, remanding the matter merely "for further proceedings consistent with [its] opinion."  *Physicians for Soc. Responsibility*, 956 F.3d at 650; *see also id.* at 644 ("We therefore turn to the merits of

---

[1]  All citations are to the page numbers generated by this Court's CM/ECF system.

the Scientists' APA claims.").  The only action left is to enter judgment in Plaintiffs' favor.

Even if the issues that *were* in dispute are now moot, that does not prohibit this Court from

completing its non-dispute-deciding duties.  A court may not consider the merits of a moot case

"but may make such disposition of the whole case as justice may require."  *U.S. Bancorp Mortg.*

*Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21 (1994) (holding that case becoming moot while

awaiting appellate review did not prevent appellate court from taking actions "reasonably

ancillary" to its "dispute-deciding function," including vacatur of lower court judgment).

Mootness of the issues does not leave the supervising court in a state of "paralysis," unable to

undertake even "matters of judicial administration and practice," such as disposing of the case on

remand as ordered.  *Id.* at 21–22.

A careful reading of the Administrator's favored cases does not suggest otherwise.  In

*Friends of Animals v. Bernhardt*, the Court of Appeals held that the Government's abandonment

of a challenged regulation while the case was awaiting appeal prevented assessment of merits,

which were moot.  961 F.3d at 1203–04.  The analysis spoke specifically to how mootness

restricted the court's ability "to *decide* an *issue*."  961 F.3d at 1203 (emphasis added); *see id.*

("[T]he government's abandonment of a challenged regulation is just the sort of development

that can moot *an issue*" (emphasis added)).  Similarly, the Supreme Court has introduced the

mootness question as follows:  "Before we reach *the merits*, we must assess our jurisdiction."

*Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1975 (2016) (emphasis added).

Mootness is best understood as precluding the exercise of a court's dispute-deciding

powers, not *every* action it could take.  *See Church of Scientology*, 506 U.S. at 12 (1992) (noting

that a federal court has no authority "to *give opinions* upon moot questions or abstract

propositions, or *to declare principles or rules of law* which cannot affect the matter in issue in

the case before it") (emphasis added).  If this were otherwise, courts would be "powerless to award [attorney's] costs" in mooted cases "or even to enter [the] order of dismissal" that the Administrator now seeks.  *Bancorp*, 513 U.S. at 21.  That cannot be right.

This Court will not (re)assess the merits, give an opinion, declare a rule of law, or anything of the sort.  The Court's only role at this stage is to enter judgment for Plaintiffs based on the decision of the Court of Appeals.  It is beside the point whether the issues already decided are now otherwise moot or whether, even if they are, a judicial exception to mootness applies.

For these reasons, it is hereby

**ORDERED** that the Administrator's Motion to Dismiss is denied; and it is further

**ORDERED** that judgment is entered for Plaintiffs for the reasons given in *Physicians for Soc. Responsibility v. Wheeler*, 956 F.3d 634 (D.C. Cir. 2020).

**SO ORDERED**.


Dated: January 8, 2021                                    _____

                                                          TREVOR N. McFADDEN, U.S.D.J.